UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| MARY L. WORKMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 10-171-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Mary L. Workman[1] and Defendant Michael J. Astrue, Commissioner of Social Security. Workman argues that the administrative law judge (ALJ) erred in concluding that she is not disabled. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by the claimant.

**I.**

On January 9, 2007, Workman applied for a period of disability and disability insurance benefits under Title II of the Social Security Act. Initially, Workman alleged a disability

---

1  Although she was represented by counsel during the administrative hearing before Administrative Law Judge Don C. Paris, the plaintiff is proceeding in this civil action *pro se*. Mrs. Workman's correspondence filed April 6, 2011, has been deemed a motion for summary judgment. The Commissioner's cross-motion for summary judgment was filed May 5, 2011. [*See* Record Nos. 11 & 13.]

-1-

beginning March 1, 2004.[2] Her application was denied initially and upon reconsideration. Workman, along with her attorney, Raymond S. Bogucki, and vocational expert Linda Taber, appeared before ALJ Paris on December 11, 2008, in Lexington, Kentucky. [Tr., p. 17] In a hearing decision dated February 25, 2009, ALJ Paris found that Workman was not disabled under sections 216(i) and 223(d) of the Social Security Act and, therefore, was not entitled to a period of disability or disability insurance benefits. [Tr., pp. 17-24]

Workman was fifty-four years old at the time of the administrative hearing. [Tr., p. 30] She has a ninth grade education, but later obtained a GED and certification as a nurse's assistant (CNA). [Tr., p. 7-8] Workman's past work experience was primarily as a CNA, but she has also worked on the 74-acre cattle farm where she resides. [Tr., p. 8] Her alleged disability stems from degenerative disc disease of the lumbar spine, chronic back pain, fibromyalgia, and chronic airway obstruction. At the time of the administrative hearing before ALJ Paris, Workman smoked approximately one pack of cigarettes per day. This was a 50 percent reduction from the amount she had smoked earlier.

After reviewing the record and the testimony presented at the hearing, the ALJ concluded that Workman suffered from the impairments outlined above. [Tr., p. 19] Notwithstanding these impairments, the ALJ found that the claimant retained the residual functional capacity (RFC):

> to perform a restricted range of light exertional work [and that she] could occasionally lift and carry 20 pounds and frequently 10 pounds; stand and walk

---

2   During the administrative hearing, Workman's attorney sought to amend this date to reflect the fact that Workman was employed following this onset date until sometime later in 2004. [Tr., p. 50] Although it does not appear that this issue was subsequently addressed by the ALJ, resolution favorable to the claimant would not affect the Court's determination regarding the ultimate issues presented by the parties.

a total of six hours in an eight-hour day; sit six hours in an eight-hour day; only occasionally climbing or stairs and ramps and never ladders, ropes and scaffolds; only occasional stooping, kneeling, crouching and never crawling. She should avoid concentrated exposure to full body vibrations, odors, fumes, dusts or gases, extreme heat or humidity.

[Tr., p. 21] As a result of this assessment, Workman was denied a period of disability and disability insurance benefits. [Tr., p. 24]

**II.**

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a

determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity (RFC) and relevant past work to determine whether she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

The ALJ's review of Workman's case progressed to the fifth step of the disability analysis. Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)). In most instances, the ALJ will rely upon the testimony of a vocational expert in making the determination concerning available work in the national and regional economies, taking into consideration the claimant's age, education, past work history, and work restrictions and limitations related to the claimant's physical and/or mental impairments.

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r*

*of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Workman's letter outlines the many activities that she can no longer perform due to her physical impairments which were recognized by the ALJ. [Record No. 11] While many of these impairments have progressively worsened, the Commissioner correctly notes in his motion for summary judgment that, to be entitled to disability benefits, Workman must establish that she was disabled on or before the date that her insured status expired. Here, the relevant date is March 31, 2007. Workman's letter also explains that, while she has performed a variety of work activities over the years, she is no longer to able to do any of these jobs due to the pain and discomfort she presently experiences. However, as discussed herein, while Workman's inability to perform past work is relevant, it is not dispositive. Instead, the question becomes whether she can perform work which exists in significant number in the economy. And as explained more

fully below, because Workman asserts that the severity of the pain she experiences prevents her from working, the ALJ's evaluation of her credibility becomes an important factor in the disability analysis.

In addition to addressing Workman's claims, the Commission identifies in his summary judgment motion the items of evidence which support the ALJ's determination that the claimant is not disabled as that term is defined under the Social Security Act. Having reviewed the administrative record, the Court agrees that the ALJ's determination is supported by substantial evidence.

As an initial matter, the ALJ correctly determined that the objective medical evidence was insufficient to support the claimant's allegations of disabling degenerative disc disease and disabling low back pain. Although Workman claimed that she became disabled in March 2004 due to her back condition, in September of that year, Dr. Douglas Crutcher reviewed x-rays of the claimant's lumbar spine and did not conclude that her condition was disabling. Instead, the x-ray's demonstrated subtle and mild narrowing of the disc space in her lumbar spine, subtle curvature, and early facet degenerative changes. And while a subsequent MRI indicated degenerative disc disease in the same area, reviewing physician Dr. John Rawlings determined that, even in light of this degenerative change, Workman could lift 20 pounds occasionally and 10 pounds frequently, stand or walk for about six hours in an eight-hour workday, and sit for about six hours in an eight-hour work day. These limitations were incorporated into the hypothetical question posed to the Vocational Expert. They are also contrary to the activities that Workman testified she was capable of performing.

In rejecting Workman's testimony regarding the intensity and extent of her back pain, ALJ Paris noted that the "clinical findings do not substantiate [a] restricted ability to sit or stand to the degree alleged." [Tr., p. 22] Likewise, results of examinations performed by Drs. William Tobler, R. Henry Norfleet, Phillip Tibbs, and John Rawlings support this determination by the ALJ. According to Dr. Tobler, Workman was able to walk with a normal tandem gait. [Tr., p. 531] Likewise, Dr. Norfleet examined the claimant and found that she had normal strength, reflexes, and gait. [Tr., p. 708] Dr. Tibbs, a neurosurgeon, examined Workman and concluded that there was no evidence of radiculopathy, that she had good leg strength, and that Workman was "neurologically intact". [Tr., pp. 676-77] Finally, Dr. Rawlings concluded that Workman's allegations of a limited ability to stand were not credible "in the absence of significant neurological loss. [Tr., 803][3]

As the Commissioner correctly notes in his motion, following the administrative hearing before the ALJ, this Court's role is limited. It may not try the case *de novo*, make credibility determinations, or resolve conflicts in the evidence. *Jordan v. Commissioner of Social Security*, 548 F.3d 417, 422 (6th Cir. 2008). And where, as here, a claimant relies on subjective symptoms to establish a disability, the initial focus is upon whether the claimant has a condition that could

---

3   In evaluating the claimant's subjective claims, the ALJ also properly considered other relevant factors such as the fact that Workman did not take any narcotic pain medication for her allegedly disabling symptoms and the fact that she refused to quit smoking in light of her physician's recommendations. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (permitting ALJ to consider the type of medication that a claimant takes for her alleged symptoms); *Price v. Astrue, Commissioner of Social Security*, 2010 WL 1758252, at *8 (E.D. Ky., Apr. 30, 2010), *appeal pending*, No. 10-5777 (6th Cir.) (considering type of pain medications taken by claimant in evaluating subjective complaints of disabling pain); *Mullins v. Secretary of Health and Human Services*, 836 F.2d 980, 985 (6th Cir. 1987) (addressing the nature of claimant's smoking habits and related pulmonary condition).

reasonably be expected to cause the alleged symptoms. *See* 20 C.F.R. § 404.1529(c)(1). If the ALJ determines that the claimant has such a condition, he must then evaluate whether the intensity and persistence of the alleged symptoms would limit the claimant's capacity for work. *See id.* In making this determination, the ALJ will evaluate the claimant's testimony regarding her symptoms, including any inconsistencies between the testimony and other relevant evidence. *See* 20 C.F.R. § 404.1529(c)(3)-(4).

In the present case, the ALJ properly evaluated Workman's claims of disabling pain and considered her statements concerning the intensity of that pain. Based on this examination, however, he found that the limiting effects of Workman's symptoms were not credible to the extent that they were inconsistent with his finding concerning her RFC. The ALJ's evaluation included the objective medical evidence, the clinical findings contained in the medical records produced as exhibits, the medications taken (and not taken) by the claimant and the claimant's continued smoking habit. [Tr., pp. 21-23] The ALJ also determined that Workman's statements concerning her work on the family's 74-acre farm was inconsistent with other statements given in the case. *See* 20 C.F.R. § 404.1529(c)(4).

Finally, the Court notes that the ALJ addressed the extent of Workman's alleged mental impairment and properly concluded that it was not disabling. 20 C.F.R. § 404.1529(c)(3)-(4). In this regard, reviewing psychologist Dr. Ed Ross determined that the claimant's alleged mental impairments caused only mild limitations. [Tr., p. 764] The same conclusion was reached by psychologist Dr. Stephen S. Scher. [Tr., p. 794] In fact, there is no competent, objective evidence in the administrative record to support a contrary conclusion.

Based on the objective medical and other evidence presented and the ALJ's determination of Workman's credibility, the hypothetical question presented to the Vocational Expert contained a fair summary of Workman's RFC in light of her physical and mental impairments. The Vocational Expert's testimony supports the ALJ's conclusion that there is work in the national and regional economies that Workman is capable of performing.

**IV.**

In summary, although Workman has established that she suffers from some impairments, she has not established that her symptoms were severe enough prior to the expiration of her insured status (March 31, 2007) to warrant a an award of disability insurance benefits under the Social Security Act. Viewing the record as a whole, substantial evidence supports ALJ Paris' determination that Workman was not disabled during the relevant period. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Mary L. Workman's Motion for Summary Judgment [Record No. 11] is **DENIED**;

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 13] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 18th day of May, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge